UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLSTON D. HARPER,<br><br>                       Plaintiff,<br><br>   v.<br><br>DR. CRIS KENNEDY,<br><br>                       Defendant. | NO: 13-CV-0219-TOR<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion to Dismiss and Motion for Summary Judgment (ECF No. 24), and Plaintiff's Motion to Proceed and for Summary Judgment (ECF No. 39). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

This case involves a prisoner's allegations that his medical care provider, Dr. Cris Kennedy, denied him proper treatment for his chronic back problem.

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 1

## FACTS

Plaintiff Charleston D. Harper, appearing *pro se*, is a prisoner at the Washington State Corrections Center. Defendant Cris Kennedy is a medical provider associated with Spokane County Jail. Plaintiff's First Amended Complaint alleges that he has an "ongoing chronic back problem," for which he sought treatment from Defendant Cris Kennedy. ECF No. 12 at 3. Plaintiff maintains that Dr. Kennedy said he did not believe Plaintiff had sufficient pain, said that he "wasn't buying it," and refused to refer Plaintiff to another medical provider. *Id*. Plaintiff claims that because he has not gotten proper care over the last nine months, "it has made his medical issue very serious," to the point that he is "in so much pain that [he] cannot sleep during the night," is in "constant extreme pain," he is "unable to stand straight without agonizing pain," and has "resulted in further injury." *Id*. at 3-4.

## DISCUSSION

Plaintiff's First Amended Complaint alleges a civil rights violation pursuant to 42 U.S.C. § 1983 on grounds that his medical provider, Defendant Cris Kennedy, failed to provide proper care for Plaintiff's "ongoing chronic back problem." ECF No. 12 at 3. Plaintiff maintains that Dr. Kennedy's refusal to provide proper care has resulted in further injury and "agonizing pain." *Id*. at 3-4. Defendant argues that the case should be dismissed pursuant to the Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief can be granted, and because Plaintiff's First Amended Complaint failed to comply with the Court's order. ECF No. 24 at 4. Alternatively, Defendant moves for summary judgment on Plaintiff's claims, arguing that the undisputed facts of the case do not support Plaintiff's bare allegations that Dr. Kennedy refused to provide him with proper care or medical treatment. ECF No. 24 at 9-10. Plaintiff also moved for summary judgment and opposed Defendant's motions to dismiss and for summary judgment.  ECF No. 39.

The Court first generally examines Plaintiff's rights under 42 U.S.C. §1983 and as a prisoner receiving medical care.

## SECTION 1983

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that "causes" the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (brackets in the original), ab*rogated in part on other grounds, Farmer v. Brennan*, 511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. *Id*. at 268. To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how the Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must present a causal connection between the defendant and the conduct of which he complains. *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992), *abrogated in part on other grounds, Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1045 (9th Cir. 2002).

## CONDITIONS OF CONFINEMENT

A convicted inmate's challenge to the conditions of his confinement is evaluated under the Eighth Amendment, and a pretrial detainee's challenge is evaluated under the Fourteenth Amendment. *Redman*, 942 F.2d at 1440. Regardless, the Eighth Amendment provides a minimum standard of care for determining a person's right as a pretrial detainee. *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986), *overruled on other grounds, Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Under the Eighth Amendment, the pertinent inquiry is (1) whether

the alleged violation constitutes an infliction of pain or a deprivation of the basic human needs, such as adequate food, clothing, shelter, sanitation, and medical care, and (2) if so, whether prison officials acted with the requisite culpable intent such that the infliction of pain is "unnecessary and wanton." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

For an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson*, 503 U.S. at 9 (*citing Estelle*, 429 U.S. at 103-104).

> A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain . . . . The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 5

To demonstrate deliberate indifference, a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Deliberate indifference exists when an official knows of and disregards a serious medical condition and the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment, however, are not enough to establish a deliberate indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment.  *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980).  A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

**A. Defendant's Motion to Dismiss**

Defendant argues that Plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted. ECF No. 24 at 4.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To withstand dismissal, a complaint must contain "enough facts to state a claim to

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 6

1  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

2  (2007).  "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s]

3  of the elements of a cause of action will not do." *Id.* at 555, 557.  "A claim has

4  facial plausibility when the plaintiff pleads factual content that allows the court to

5  draw the reasonable inference that the defendant is liable for the misconduct

6  alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While a plaintiff need not

7  establish a probability of success on the merits, he or she must demonstrate "more

8  than a sheer possibility that a defendant has acted unlawfully." *Id.*

9     A complaint must also contain a "short and plain statement of the claim

10 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This

11 standard "does not require detailed factual allegations, but it demands more than an

12 unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

13 678 (quoting *Twombly*, 550 U.S. at 555).  In assessing whether Rule 8(a)(2) has

14 been satisfied, a court must first identify the elements of the plaintiff's claim(s) and

15 then determine whether those elements could be proven on the facts pled.  The

16 court should generally draw all reasonable inferences in the plaintiff's favor, *see*

17 *Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it

18 need not accept "naked assertions devoid of further factual enhancement." *Iqbal*,

19 556 U.S. at 678 (internal quotations and citation omitted).

20

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS
FOR SUMMARY JUDGMENT ~ 7

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Id.* The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

    1. <u>Whether Plaintiff's First Amended Complaint States a Claim Upon Which Relief Can Be Granted</u>

Defendant argues that, as a matter of definition, Plaintiff's description of his physical conditions as "an ongoing chronic back problem" is insufficient to implicate a need for urgent medical care, and thus fails to state a claim upon which relief can be granted. ECF No. 24 at 7. Defendant points out that "chronic" means "marked by a long duration, by frequent recurrence over a long time, and often by slowly progressing seriousness." *Id*. (citing Merriam-Webster online dictionary, http://www.merriam-webster.com/medical/chronic). Defendant contends that in the Ninth Circuit, courts have set forth actionable criteria for medical claims as including: "1. an acute physical condition; 2. The urgent need for medical care; 3. The failure or refusal to provide it; and 4. Tangible residual injury." *Mayfield v.*

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 8

*Craven*, 299 F. Supp. 1111, 1112 (E. D. Cal. 1969), *judgment aff'd*, 433 F.2d 873 (9th Cir. 1970).

The Court, however, declines to dismiss Plaintiff's complaint based on a dictionary definition and a nonexhaustive list of actionable medical criteria. Medical claims are not actionable only if they are acute, as Defendant implies. Rather, the standard set forth in more recent Ninth Circuit case is as noted above:

> A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain . . . . The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.

*McGuckin,* 974 F.2d at 1059-60. Here, Plaintiff claims that because he has not received proper care over the last nine months, "it has made his medical issue very serious," to the point that he is "in so much pain that [he] cannot sleep during the night," is in "constant extreme pain," he is "unable to stand straight without agonizing pain," and has "resulted in further injury." *Id*. at 3-4. Thus, while his condition is "chronic," not acute, he has alleged "serious medical need" within the range established by the Ninth Circuit for such claims. Accordingly, the Court declines to dismiss his First Amended Complaint on these grounds.

///

### 2. Whether Plaintiff's First Amended Complaint Should Be Dismissed Because it Fails to Comply with This Court's Order

Defendant alternatively argues for dismissal on grounds that Plaintiff failed to comply with this Court's Order to Amend or Voluntarily Dismiss Complaint (ECF No. 10). Defendant contends that Plaintiff's failure to comply with the Court's order is grounds for dismissal, citing *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) ("A district court may dismiss a case for failure to comply with the pleading rules."). Defendant then lists the instructions in the Court's order, though he does not explain with specificity what Plaintiff failed to do correctly. *See* ECF No. 24 at 8.

The Court notes that Plaintiff failed to correctly caption his amended complaint by labeling it the "First Amended Complaint." *See* ECF No. 12. Though Plaintiff did not number his paragraphs, he did use the form provided by the Court. However, Plaintiff timely amended his complaint, alleging specific facts and persons forming the basis of his claims. *Id*. While he does not state a specific date, he claims that he has been seeking care over a period of time, for "9-plus months." *Id*. The Court declines, without more specific reasoning from Defendants, and given the liberal reading accorded to pro se parties, to dismiss Plaintiff's complaint on these grounds.

Accordingly, Defendant's request to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, and in the alternative for failure to comply with the Court's order, is denied.

**B. Motions for Summary Judgment**

Defendant points out that the Plaintiff's Statement of Facts filed with the Court only includes one page and appears to be cut off, and that he never received the "attached packet" of medical documents (filed with the Court under seal) as required. Mr. Harper filed a declaration of service stating that he had sent his "summary judgment" documents to Defendant's attorney. *See* ECF No. 42. The Court has rectified the error that caused only one page of Plaintiff's statement of facts to appear on the docket. ECF No. 41. The Court has also caused the sealed packet of medical documents to be accessible to Defendant (though not to the public, as they contain personal privacy protected information). ECF No. 40. However, having found that Defendant is entitled to summary judgment, no further briefing from Defendant need be accepted.

Defendant, alternative to his motion to dismiss, moves for summary judgment on grounds that the undisputed facts do not support a finding that Dr. Kennedy showed deliberate indifference to Plaintiff or that Dr. Kennedy refused Plaintiff proper care or medical treatment. Plaintiff captions his motion "Motion to Proceed and for Summary Judgment with Memorandum of Authorities in

Support," though the following document appears to primarily be a response to Defendant's motion for summary judgment and a request that his case be allowed to survive. ECF No. 39.

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 12

inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Defendant moves for summary judgment, arguing that even a cursory review of Plaintiff's medical records indicates that there is no dispute that Mr. Harper was seen by Spokane County Jail medical providers on numerous occasions for back complaints. ECF No. 24 at 10. Even if there is a dispute as to what care should have been provided, Defendant argues, such a difference in opinion does not constitute an actionable claim under federal law. *Id*. Plaintiff counters Defendant's motion and moves for summary judgment, arguing:

> I have sought help from the Defendant, Dr. Kennedy for my chronic back problems (pains). Dr. Kennedy has denied my request to be referred to a specialist, multiple times, even though he is unwilling to perform the proper test/procedure to specify the cause of my problem. The failure of properly treating/treatment has resulted in further injury & I am in constant and severe pain. I have received multiple responses from Dr. Kennedy showing disagreement regarding the nature of/and/or severity of my complaint, as well as broad case of deliberate indifference to my complaint. Dr. Kennedy has only on two occasions saw me for my back problem. Every other time I've seen him, I've tried to bring the issue up, but was told he's 'not going to address the issue.

ECF No. 39 at 2-3.

While the Court recognizes that Plaintiff is displeased with the care—or lack thereof—he has received at Dr. Kennedy's hands, and is sensitive to his repeated claims that his back pain is severe and ongoing, his claim cannot survive summary

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 13

judgment. The undisputed evidence shows that he has been seen by corrections medical personnel repeatedly. *See, e.g.,* ECF No.40 at 5, 6, 7, 14, 20, 21, 22, 31, 40, 64, etc. While Plaintiff maintains that Dr. Kennedy only saw him twice, the medical kites indicate that Plaintiff was "seen" on multiple occasions by staff. *See, e.g.,* ECF No. 25-2 at 10-12. He was also prescribed an X-ray, which though slightly blurred, showed intact disc spaces, and no acute fracture, subluxation, erosion or sclerosis. ECF No. 25-2 at 13. Another medical record indicates that Plaintiff's X-rays are "unremarkable." ECF No. 25-2 at 20. Plaintiff has been prescribed medication for his back pain. *See, e.g.,* ECF No. 25-2. One medical record indicates that the provider believes NSAIDs are not the best choice for medical reasons, thus indicating that they had been considered. *See* ECF No. 25-2 at 17. While Dr. Kennedy did state that he did "not believe you have significant back pain," ECF No. 25-2 at 72, this was after repeated examinations and after an X-ray returned as "unremarkable," and after Plaintiff had been observed doing push-ups and other exercises, see ECF No. 25-2 at 87; ECF No. 40 at 53. Such a finding does not appear to be the result of "deliberate indifference." Plaintiff's records and kites indicate a history of reporting back pain, being seen, being prescribed medications, and being tested (X-ray). While Plaintiff may be unhappy with the care he received, the record is undisputed that he did receive care.

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 14

Nor does Plaintiff's response and motion provide evidence to dispute this. Plaintiff's statement of facts only provides a bare statement that he did not receive proper treatment and was not given a second X-ray. ECF No. 41. But while the X-ray report notes that there is some partial blurring, it concludes that there is no acute fracture, subluxation, erosion or sclerosis. ECF No. 25-2 at 13. Plaintiff's motion states that though he complained of back pain multiple times, most of his complaints were addressed without his seeing Dr. Kennedy. ECF No. 39 at 4. But the medical kites indicate that he was seen multiple times and a CAT scan was ordered. *See, e.g.,* ECF No. 40 at 71. Plaintiff's argument that he has suffered additional injury due to his lack of treatment is completely unsupported by the record or by any statement giving a particularized account of how his condition worsened or why or what symptoms have manifested.

Plaintiff also argues that his multiple complaints should have led Dr. Kennedy to refer him to a specialist, citing *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005). The Seventh Circuit held that Greeno's Eighth Amendment rights were violated because physician should have referred him to a specialist when he alleged symptoms of stomach pains and vomiting for over two years. *Greeno v. Litscher*, 13 Fed. Appx. 370, 375 (7th Cir. 2001) (unreported). This factual scenario is distinguishable. Plaintiff suffers from back pain, which, while it can be debilitating, is very common. Defendant—or other medical staff—ordered an X-

ray to address the problem, and found no acute physical cause for his pain. Defendant remarked that Plaintiff had been observed doing pushups and exercising, which is evidence that Plaintiff's back pain was not as severe as the frequency and vehemence of his medical kites might indicate. Presumably Defendant made a medical decision based on the information at hand not to refer Plaintiff to a specialist. Plaintiff's report of back pain is tempered with evidence of his ability to engage in physical activity, thus giving support to Dr. Kennedy's decision to not refer him to a specialist.

Patients—even those not incarcerated—frequently do not get the type of treatment they wish from physicians. Primary care doctors do not always make referrals to specialists, or order the medications their patients desire. This does not mean that their care is inadequate or legally actionable. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson*, 503 U.S. at 9 (*citing Estelle*, 429 U.S. at 103-104). This is a demanding standard. Here, the undisputed evidence indicates a difference in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment; this difference of opinion is simply insufficient to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Once the moving party has met this initial burden,

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 16

the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. *Id*. (citation omitted). Plaintiff simply has not met his burden to come forward with probative evidence that triable issues remain—that Defendant was deliberately indifferent and refused Plaintiff proper medical treatment.

Accordingly, Plaintiff's motion for summary judgment on his § 1983 claim is denied, and Defendant's motion is granted.

### C. Defendant's Request Regarding Hearing Dates

Defendant filed his motions to dismiss and for summary judgment in February 2014. ECF No. 24. Plaintiff moved the Court for an extension several times, citing his difficulty in accessing the correction center law library. See ECF Nos. 30 and 33. Thus, the hearing date on Defendant's motion was pushed out until September 2, 2014. *See* ECF No. 35. Plaintiff filed his response to Defendant's motion and his motion for summary judgment on July 9, 2014; in accordance with typical Court procedure, the hearing on his motion was set for August 28, 2014. ECF No. 39. As Defendant points out, this means that Plaintiff's motion was set for hearing before Defendant's motion, which was filed significantly earlier. The Court agrees that hearing the motions together is far more efficient and fair; and that is what the Court has done.

///

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 17

### D. Revocation of In Forma Pauperis Status

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss and Motion for Summary Judgment (ECF No. 24) is **DENIED in part and GRANTED in part.**
    a. Defendant's motion to dismiss for failure to state a claim is **DENIED**.
    b. Defendant's motion for summary judgment is **GRANTED**.
2. Plaintiff's Motion to Proceed and for Summary Judgment (ECF No. 39) is **DENIED**.
3. Plaintiff's *in forma pauperis* status is **REVOKED.**

1   The District Court Executive is hereby directed to enter this Order, enter

2   JUDGMENT for Defendant, provide copies to counsel and CLOSE the file.

3   **DATED** September 8, 2014.



THOMAS O. RICE
United States District Judge

ORDER RE: DEFENDANT'S MOTION TO DISMISS AND CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 19